IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, § § *Plaintiff,* § § V. § § WIND ENERGY TRANSPORT, LLC; XS § HEAVY HAUL, INC.; JESSE MILLER; § JOHN MALENKY; and PATRICIA TWA, § INDIVIDUALLY AND AS § REPRESENTATIVE OF THE ESTATE OF § CHARLES TWA, § § *Defendants.* § | CIVIL ACTION NO. 5:21-CV-943 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SCOTTSDALE INSURANCE COMPANY, for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a), states as follows:

### THE PARTIES

1.  Plaintiff Scottsdale Insurance Company ("Scottsdale") is an insurance company incorporated and organized under the laws of the State of Ohio, having its principal place of business in the State of Arizona.

2.  Defendant Wind Energy Transport, LLC, ("WET") is a California limited liability company with its principal place of business in Costa Mesa, California.

3.  Upon information and belief, the sole member of WET is Mr. Dani Rothenberg, an individual resident citizen of the State of California.

4.  Defendant XS Heavy Haul, Inc., ("XS") is a Texas corporation with its principal place of business in Fairfield, Texas.

5.  Defendant Jesse Miller is an individual resident citizen of the State of Texas.

1

6. Defendant John Malenky is an individual resident citizen of the State of Texas.

7. Defendant Patricia Twa is an individual resident citizen of the State of Texas.

## JURISDICTION

8. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff Scottsdale and the Defendants in the action, and the amount in controversy, including the costs of defending and potentially indemnifying Defendants WET, XS Heavy Haul, Miller, and Malenky in connection with the subject loss, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

9. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

10. Venue in this Court is properly premised upon 28 U.S.C. § 1391(b)(1),(2).

## THE SCOTTSDALE POLICY

11. Plaintiff Scottsdale issued commercial auto policy number CTS0232596 to Defendant WET, effective from October 28, 2019, to October 28, 2020, with a commercial auto liability coverage limit of $1,000,000.00 (the "Policy"). A certified copy of the Policy (with premium amounts redacted) is attached hereto as Exhibit 1.

12. The Policy was issued by Scottsdale in compliance with the federal financial responsibility requirements set forth in 49 C.F.R. § 387.1 et seq.

13. The Policy provides commercial auto liability coverage under the Motor Carrier Coverage Form [CA 00 20 10 13].

14. The Motor Carrier Coverage Form contains the following exclusions from coverage:

**B.     Exclusions**

This insurance does not apply to any of the following:

\* \* \* \*

**3.     Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4.     Employee Indemnification and Employer's Liability**

"Bodily injury" to:

**a.**  An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.**  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \* \*

**5.     Fellow Employee**

"Bodily injury" to:

**a.**  Any fellow "employee" of the "insured" arising out of and in the course of the fellow

3

           "employee's" employment or while performing duties related to the conduct of your business; or

      **b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

* * * *

15. The Policy also contains a Form MCS-90 Endorsement to assure compliance with the financial responsibility requirements set forth in Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

16. The Form MCS-90 Endorsement attached to the Policy states as follows: "Such insurance as is afforded, for public liability, does not apply to injury or death of the insured's employees while engaged in the course of their employment."

## THE ACCIDENT

17. On June 3, 2020, Charles Twa was fatally injured when he was run over by a trailer attached to tractor operated by Defendant Jesse Miller (the "Accident").

18. Defendant Jesse Miller and Charles Twa were in the process of hauling property for-hire in interstate commerce at the time of the Accident.

19. Defendant Jesse Miller and Charles Twa were in the process of transporting a windmill blade from Kansas to Nebraska at the time of the Accident.

20. Charles Twa was the steerman for the trailer involved in the Accident.

21. Defendant WET was authorized to operate as an interstate motor carrier by the Federal Motor Carrier Safety Administration at the time of the Accident.

22. Defendant XS Heavy Haul was not authorized to operate as an interstate motor carrier by the Federal Motor Carrier Safety Administration at the time of the Accident.

23. At the time of the Accident, Defendant XS Heavy Haul was operating under WET's authority to operate as an interstate motor carrier as granted by the Federal Motor Carrier Safety Administration.

24. Defendant WET gave Defendant Jesse Miller permission to operate the tractor involved in the Accident.

25. Defendant Jesse Miller's operation of the tractor involved in the Accident was governed by the rules and regulations of the Federal Motor Carrier Safety Administration.

26. Defendant Jesse Miller was performing work directly affecting commercial motor vehicle safety at the time of the Accident.

27. Defendant Jesse Miller was an employee of WET at the time of the Accident.

28. Defendant Jesse Miller was acting within the course and scope of his employment with WET at the time of the Accident.

29. Defendant WET gave Charles Twa permission to operate the trailer involved in the Accident.

30. Charles Twa's operation of the trailer involved in the Accident was governed by the rules and regulations of the Federal Motor Carrier Safety Administration.

31. Charles Twa was performing work directly affecting commercial motor vehicle safety at the time of the Accident.

32. Charles Twa was an employee of WET at the time of the Accident.

33. Charles Twa was acting within the course and scope of his employment with WET at the time of the Accident.

34. Defendant John Malenky was an employee of WET at the time of the Accident.

35. Defendant John Malenky was WET's Safety Director, Safety Supervisor, and Safety Manager at the time of the Accident.

36. Defendant John Malenky was responsible for the load Defendant Jesse Miller and Charles Twa were hauling at the time of the Accident.

37. Defendant Patricia Twa has asserted that Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky are liable for the death of Charles Twa in a civil action styled <u>Patricia Twa, Individually and as Representative of the Estate of Charles Twa, Deceased, vs. John Thomas Malenky, Jesse Miller, XS Heavy Haul, Inc., & Wind Energy Transport, LLC</u>, in the District Court of the 288th Judicial Circuit District of Bexar County, Texas, cause no. 2021-CI-00966 (the "Underlying Lawsuit"). A copy of Defendant Patricia Twa's First Amended Petition filed in the Underlying Lawsuit is attached as Exhibit 2.

38. Scottsdale is presently providing Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky with a defense in the Underlying Lawsuit subject to a reservation of rights.

## FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT
## AS TO DUTY TO DEFEND

39. Scottsdale incorporates by reference paragraphs 1 through 26 of this Complaint as if set forth fully herein.

40. An actual controversy has arisen between Scottsdale and Defendants, and there exists a bona fide, actual, present and practical need for the declaration.

41. Based upon the foregoing facts and Policy language, Scottsdale contends that it has no duty under the Policy to defend Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky in the Underlying Lawsuit based upon the Workers' Compensation Exclusion, Employee Indemnification and Employer's Liability Exclusion, and/or Fellow Employee Exclusion.

42. Scottsdale further contends that it has no duty to defend Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky in the Underlying Lawsuit under the Form MCS-90 Endorsement attached to the Policy because the Form MCS-90 Endorsement does not impose a duty to defend and, further, because the Form MCS-90 Endorsement does not apply to the injury or death of the insured's employees.

43. The rights of Scottsdale under the Policy and the Form MCS-90 Endorsement are dependent upon the facts and law applicable to the facts affecting coverage under the Policy and the application of the Form MCS-90 Endorsement.

44. The declaration pertains to a present, ascertainable set of facts and controversy between the parties.

45. Scottsdale believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions, and other provisions in the Policy as defenses to any claims of coverage by Defendants.

46. Scottsdale and the Defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

47. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO DUTY TO INDEMNIFY

48. Scottsdale incorporates by reference paragraphs 1 through 26 of this Complaint as if set forth fully herein.

49. An actual controversy has arisen between Scottsdale and Defendants, and there exists a bona fide, actual, present and practical need for the declaration.

50. Based upon the foregoing facts and Policy language, Scottsdale contends that it has no duty under the Policy to indemnify Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky for the claims arising from the Accident and/or alleged in the Underlying Lawsuit based upon the Workers' Compensation Exclusion, Employee Indemnification and Employer's Liability Exclusion, and/or Fellow Employee Exclusion.

51. The rights of Scottsdale under the Policy and the Form MCS-90 Endorsement are dependent upon the facts and law applicable to the facts affecting coverage under the Policy and the application of the Form MCS-90 Endorsement.

52. The declaration pertains to a present, ascertainable set of facts and controversy between the parties.

53. Scottsdale believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions and other provisions in the Policy as defenses to any claims of coverage by Defendants.

54. Scottsdale and the Defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

55. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**THIRD REQUEST FOR RELIEF – DECLARATORY JUDGMENT
AS TO THE FORM MCS-90 ENDORSEMENT**

56. Scottsdale incorporates by reference paragraphs 1 through 26 of this Complaint as if set forth fully herein.

57. An actual controversy has arisen between Scottsdale and Defendants, and there exists a bona fide, actual, present and practical need for the declaration.

58.     Based upon the foregoing facts and Policy language, Scottsdale contends that it has no obligations related to the Accident and/or the Underlying Lawsuit under the Form MCS-90 Endorsement attached to the Policy because the Form MCS-90 Endorsement does not apply to the injury of the WET's employees.

59.     The rights of Scottsdale under the Policy and the Form MCS-90 Endorsement are dependent upon the facts and law applicable to the facts affecting coverage under the Policy and the application of the Form MCS-90 Endorsement.

60.     The declaration pertains to a present, ascertainable set of facts and controversy between the parties.

61.     Scottsdale and the Defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

62.     Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## **CLAIM FOR RELIEF**

63.     Based upon the foregoing facts and the attached exhibits, there presently exists a justiciable controversy as to whether coverage exists under the Policy as to the claims asserted by Defendant Patricia Twa against Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky.

Accordingly, Plaintiff Scottsdale respectfully requests the following relief:

(1)     That the Court declare that Plaintiff Scottsdale has no obligation under the Policy to defend Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky in the Underlying Lawsuit;

(2) That the Court declare that Plaintiff Scottsdale has no obligation under the Policy to indemnify Defendants WET, XS Heavy Haul, Jesse Miller, and John Malenky for any claims arising from the Accident and/or asserted in the Underlying Tort Suit;

(3) That the Court declare that Plaintiff Scottsdale has no obligation under the Form MCS-90 Endorsement attached to the Policy for any claims arising from the Accident and/or asserted in the Underlying Lawsuit; and

(4) That the Court grant other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of October, 2021.

Respectfully submitted,

PHELPS DUNBAR, LLP

By: */s/ Peri H. Alkas*
Peri H. Alkas
State Bar No. 00783536
Federal Bar No. 15785
910 Louisiana, Suite 4300
Houston, Texas 77002
Telephone (713) 626-1386
Facsimile (713) 626-1388
Email: peri.alkas@phelps.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, SCOTTSDALE INSURANCE COMPANY**